IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KENNETH J. BAUER,<br>    Petitioner, | §<br>§<br>§ | |
| v. | § | Civil Action No. 4:09-CV-504-Y |
| | § | |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.    PARTIES**

Petitioner is Kenneth J. Bauer, TDCJ #1543842, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Jacksboro, Texas.

Respondent is Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

**C. PROCEDURAL HISTORY**

Bauer is serving a three-year sentence on his 2008 conviction for felony driving while intoxicated in Cause No. 1124854D in the Criminal District Court Number One of Tarrant County, Texas. (State Habeas R. at 36)[1] Bauer filed a state habeas application raising one or more of the claims presented herein, which was denied without written order by the Texas Court of Criminal Appeals. (State Habeas R. at cover) This federal petition followed.

**D. ISSUES**

In four grounds, Bauer raises the following claims:

(1) His procedural and substantive due process rights are being violated by TDCJ's misapplication of the new state mandatory supervision laws to his case;

(2) His right to be treated equally is being violated by the TDCJ's misapplication of the new state mandatory supervision laws to his case;

(3) His rights against expost facto and retroactive application of law are being violated by TDCJ's misapplication of the new state mandatory supervision laws to his case; and

(4) His right to address the state court was violated by the state courts' refusal to hear his motion for declaratory judgment. (Petition at 7-8)

**E. EXHAUSTION**

Thaler claims Bauer has failed to exhaust claims (2)-(4) in state court as required by 28 U.S.C. § 2254(b)(1)(A), (3).

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the

---

[1]"State Habeas R." refers to the state court record of Bauer's state habeas Application No. WR-41,612-03.

federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).

In his state habeas application, Bauer sufficiently raised claims (1) and (4). The remaining claims were not raised, tangentially or otherwise, and are unexhausted. To the extent Bauer failed to raise or sufficiently develop those claims in state court, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated by Bauer, the claims are procedurally barred from this court's review. *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Finley v. Johnson*, 243 F.3d 215, 219-20 (5th Cir. 2001).

## F. DISCUSSION

*1. Ripeness*

Bauer claims that TDCJ is violating his right to due process by misapplying § 508.149(b), the discretionary mandatory supervision statute, to his case. According to Bauer, he is entitled to a non-discretionary mandatory supervision release date because one of the two DWI offenses used to enhance his sentence for his holding conviction under § 49.04 of the Texas Penal Code was committed before the effective date of the statute. TEX. PENAL CODE ANN. § 49.09 (Vernon Supp. 2009). Bauer argues that the prior convictions were necessary elements of his most recent DWI

offense; thus, under the statute's savings clause, discretionary mandatory supervision is inapplicable to his case. Bauer has not yet been reviewed for mandatory supervision release and states that he is attacking "the wrong procedure at this time, not the wrong result." He appears to seek declaratory relief to prevent a future violation of his constitutional rights by the parole board.

Thaler claims that because Bauer has not yet been reviewed for mandatory supervision release, his due process claim is not ripe for adjudication. This argument has merit. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). At the earliest, Bauer is to be reviewed for supervised release on January 31, 2010. To the extent Bauer seeks prospective relief in this court, he lacks standing to bring this claim. *See Cooper v. Owens*, 303 Fed. Appx. 179, 179, 2008 WL 5210705 (5th Cir. 2008). At this juncture, any argument that he will be denied supervised release without due process is speculative. Therefore, he has not shown a concrete injury as required for standing, nor has he shown that his first claim is ripe for review. *Id.*

2. *State Habeas Proceedings*

Bauer claims the state court's failure to rule on his motion for declaratory judgment violated his constitutional right to procedural due process. He complains that the state trial court returned his motion with instructions to refile the motion as an application for writ of habeas corpus. He did so, and the state habeas application was denied by the Texas Court of Criminal Appeals without a hearing or written order. Alleged infirmities in state habeas proceedings do not constitute grounds for relief in federal court. *Beazley v. Johnson,* 242 F.3d 248, 271 (5th Cir. 2001) (quoting*Trevino v. Johnson,* 168 F.3d 173, 180 (5th Cir. 1999)) (finding petitioner's claim of ineffective state process not cognizable).

## II.  RECOMMENDATION

Based on the foregoing discussion, it is recommended that Bauer's petition as it pertains to claim (1) be dismissed without prejudice and as it pertains to claim (4) be denied.  All pending motions not previously ruled upon, including Bauer's motion for appointment of counsel (docket entry # 8), are denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 23, 2009.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until November 23, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 2, 2009.

       /s/  Charles Bleil  
CHARLES BLEIL  
UNITED STATES MAGISTRATE JUDGE