IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KENNETH J. BAUER, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:09-CV-504-Y |
| | § | |
| RICK THALER, | § | |
| Director, T.D.C.J. | § | |
| Correctional Institutions Div., | § | |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
AND ORDER DENYING CERTIFICATE OF APPEALABILITY

In this action brought by petitioner Kenneth J. Bauer under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on November 2, 2009; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on November 13, 2009.

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled, that the motion to appoint counsel must be denied, and that the four grounds for relief in the petition for writ of habeas corpus must be dismissed with prejudice, in part, dismissed without prejudice, in part, and denied, for the reasons stated in the magistrate judge's findings and conclusions.

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

Petitioner Bauer's motion for appointment of counsel (docket no. 8) is DENIED.

Petitioner Bauer's ground for relief one, that his procedural- and substantive-due-process rights are violated by the Texas Department of Criminal Justice("TDCJ")'s applying the new state mandatory-supervision law to him, is DISMISSED WITHOUT PREJUDICE.

Petitioner Bauer's grounds for relief two and three, that his equal-protection rights, and his rights against ex-post-facto and retroactive application of law, respectively, are violated by the TDCJ's applying the new state mandatory-supervision law, are barred from review in this Court on the basis of procedural default, and therefore DISMISSED WITH PREJUDICE.

Petitioner Bauer's ground for relief four, that the state court committed a procedural error in failing to consider his motion for declaratory judgment, is DENIED.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[1] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[2] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[3] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason

---

[1] *See* FED. R. APP. P. 22(b).

[2] RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11 (December 1, 2009).

[3] 28 U.S.C.A. § 2253(c)(2)(West 2006).

could conclude the issues presented are adequate to deserve encouragement to proceed further."[4]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Bauer has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the November 13, 2009, Findings, Conclusions, and Recommendation of the United States Magistrate Judge.[5]

Therefore, a certificate of appealability should not issue.

SIGNED December 2, 2009.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[4]*Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003), *citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

[5]*See* FED. R. APP. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).

3